UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ACCESS 4 ALL, INC., a Florida Non Profit Corporation, and NELSON M. STERN, Individually, | : <br> : <br> : <br> : |
| Plaintiffs, | : <br> : |
| vs. | :    Case No.: <br> : <br> : |
| 181 VARICK STREET LLC, a New York Limited Liability Company, | : <br> : <br> : |
| Defendant. | : |

_____/

## <u>COMPLAINT</u>
(Injunctive Relief Demanded)

Plaintiffs, ACCESS 4 ALL, INC., a Florida Non Profit Corporation, and NELSON M. STERN, Individually, on their behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, 181 VARICK STREET LLC, a New York Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 <u>et</u> <u>seq.</u> ("ADA").

1.     Plaintiff, Nelson M. Stern, is an individual residing in New York, NY, in the County of New York.

2.     Plaintiff, ACCESS 4 ALL, INC., is a non-profit corporation formed under the laws of the State of Florida.  ACCESS 4 ALL, INC. maintains its principal office in the County of Broward.

3.     Defendant's property, a hotel named the Courtyard New York Manhattan/Soho, is located at 181 Varick Street, New York, NY, in the County of New York.

4.      Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

5.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6.      Plaintiff Nelson M. Stern is a New York resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Stern has multiple sclerosis and is mobility impaired, and uses an electric scooter to ambulate.  Nelson M. Stern visited the property which forms the basis of this lawsuit.   He plans to return to the property on January 19, 2017 to avail himself of the goods and services offered to the public at the property, if the Hotel is fully accessible and the barriers to access have been corrected.   The Plaintiff has encountered architectural barriers at the subject property, which have impaired Mr. Stern's use of the guestroom and toilet room, and have endangered his safety at the hotel and his ability to access the hotel's facilities, including the bar at the rooftop lounge.  The Plaintiff is also a member of the Plaintiff organization, ACCESS 4 ALL, INC., discussed below in paragraph 7.

7.      Plaintiff ACCESS 4 ALL, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.  ACCESS 4 ALL, INC. and

its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.   ACCESS 4 ALL, INC. has also been discriminated against because of its association with its disabled members and their claims.

8.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as the Courtyard New York Manhattan/Soho, located at 181 Varick Street, New York, NY.

9.     ACCESS 4 ALL, INC. and Nelson M. Stern have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Nelson M. Stern desires to visit the Courtyard New York Manhattan/Soho not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.    The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A preliminary inspection of the Courtyard New York Manhattan/Soho has shown that violations exist.   These violations that Mr. Stern has personally observed or encountered include, but are not limited to:

        a.     Accessible seating is not provided in or outside the restaurants/bars.  This is in violation of section 4.32 of the 1991 Standards for Accessible Design.

        b.     Inside the hotel accessible toilet compartment the flush control is on the narrow side of the water closet. This is in violation of sections 4.16.5 and 4.22.4 of the 1991 Standards for Accessible Design.

        c.     Inside the hotel accessible toilet compartment an appropriate rear grab bar in not provided behind the water closet.  This is in violation of sections 4.16.4 and 4.22.4 of the 1991 Standards for Accessible Design.

        d.     Inside the hotel accessible toilet compartment an appropriate side grab bar in not provided by the water closet.  This is in violation of sections 4.16.4 and 4.22.4 of the 1991 Standards for Accessible Design.

        e.     Inside the hotel accessible toilet compartment the side grab bar is too high.  This is in violation of sections 4.16.4 and 4.22.4 of the 1991 Standards for Accessible Design.

        f.     A clear floor space is not provided in the hotel accessible toilet compartment. This is in violation of section 4.22.4 of the 1991 Standards for Accessible Design.

        g.     Inside the hotel accessible toilet compartment the mirror is too high for a person using a wheelchair.  This is in violation of sections 4.19.6 and 4.22.6 of the 1991 Standards for Accessible Design.

        h.     The door to the hotel accessible toilet compartment door has hardware that requires tight grasping, tight pinching or twisting of the wrist to operate. This is in violation of sections 4.13.9 and 4.22.2 of the 1991 Standards for Accessible Design.

i.      An appropriate maneuvering clearance is not provided to exit the hotel accessible toilet compartment.  This is in violation of sections 4.13.6 and 4.22.2 of the 1991 Standards for Accessible Design.

j.      Elements inside the hotel accessible toilet compartment are out of reach to a person using a wheelchair.  This is in violation of section 4.27.3 of the 1991 Standards for Accessible Design.

k.      A clear floor space is not provided around the bed.  This is in  violation of section 9.2.2(1) of the 1991 Standards for Accessible Design.

l.      The threshold to the accessible guest bathroom has a change in level. This is in violation of section 9.2.2(3) of the 1991 Standards for Accessible Design.

m.      Inside the accessible guest bathroom an appropriate rear grab bar in not provided behind the water closet.  This is in violation of section 9.2.2(6) of the 1991 Standards for Accessible Design.

n.      The shower unit in the accessible guest room bathroom shower is mounted out of reach to a person using a wheelchair. This is in violation of sections 4.23.8 and 9.2.2(6) of the 1991 Standards for Accessible Design.

o.      Controls inside the accessible guestroom and bathroom are out of reach to a person using a wheelchair.  This is in  violation of sections 4.27.3 and 9.2.2(5) of the 1991 Standards for Accessible Design.

p.      Controls inside the accessible guestroom and bathroom require tight grasping, pinching and twisting of the wrist to operate. This is in  violation of sections 4.27.4 and 9.2.2(5) of the 1991 Standards for Accessible Design.

q.      A clear floor space is not provided by the water closet in the accessible guest bathroom. This is in  violation of sections 4.16.2, 4.22.4 and 9.2.2(6) of the 1991 Standards for Accessible Design.

r.      The hotel only offers guest rooms with views to abled body guests.  This is in violation of  section 9.1.2 of the 1991 Standards for Accessible Design. §36.201

s.      The hotel does not provide the required amount of accessible guest rooms. This is in violation of  section 9.1.4(1) of the 1991 Standards for Accessible Design.

t.      A person with disabilities cannot make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms. This is in violation of §36.302(e)(1)(i-v)(3).

12.     The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13.     Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or

6

accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing  barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the Courtyard New York Manhattan/Soho to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated:  June 14, 2016                          */s/  Lawrence A. Fuller*
Lawrence A. Fuller, Esq.  (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
Counsel for Plaintiffs Access 4 All, Inc. and
Nelson M. Stern
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com
-and-
Nelson M. Stern, Esq.  (NS 8646)
NELSON M. STERN ATTORNEY AT LAW
Co-Counsel for Plaintiff Access 4 All, Inc.
115 East 87th St., Suite 7C
New York, NY 10128
(917) 774-1330
(212) 717-4061 - Facsimile
scooterlawyer@aol.com